UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSCOE RICO MARTIN,

        Petitioner,        Case No. 18-cv-12532

    v.        HON. TERRENCE G. BERG
        HON. PATRICIA T. MORRIS

SHERMAN CAMPBELL,

        Respondent.
_____/

**ORDER TRANSFERRING THE PETITION FOR WRIT
OF HABEAS CORPUS TO THE UNITED STATES
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Roscoe Rico Martin, who is presently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. In his pro se application, Petitioner challenges his 1989 state conviction and sentence of fifty to seventy-six years for second-degree murder. Mich. Comp. Laws § 750.317. For the reasons stated below, the Court will transfer the petition to the Federal Court of Appeals for the Sixth Circuit as a second or successive petition.

### I. BACKGROUND

The petition and exhibits indicate that Petitioner was charged with first-degree murder for killing an intoxicated man. On August 23, 1989,

a circuit court jury in Genesee County, Michigan found Petitioner guilty of the lesser offense of second-degree murder. The trial court sentenced Petitioner on October 16, 1989, to prison for fifty to seventy-six years with credit for 168 days. Petitioner appealed his conviction and sentence without success, and his conviction became final in 1996.

In 2015, Petitioner challenged his murder conviction in an application for the writ of habeas corpus, which he filed in the United States District Court for the Western District of Michigan. The magistrate judge assigned to the case recommended that the petition be denied because it was barred by the statute of limitations. Then-Chief Judge Robert J. Jonker adopted the magistrate judge's report and recommendation as his opinion and denied the habeas petition. *See Martin v. Mackie*, No. 1:15-cv-594, 2015 WL 450812 (W.D. Mich. July 24, 2015). Petitioner appealed Judge Jonker's decision, but the United States Court of Appeals for the Sixth Circuit denied Petitioner's request for a certificate of appealability. *Martin v. Mackie*, No. 16-1289 (6th Cir. July 12, 2016). Petitioner appealed the Sixth Circuit's decision to the United States Supreme Court, which denied Petitioner's application for writ of certiorari on October 31, 2016. *Martin v. Mackie*, 137 S. Ct. 382 (2016).

The state trial court's docket reveals that, on January 30, 2017, Petitioner filed a motion for relief from judgment in which he alleged that his trial and appellate attorneys provided ineffective assistance. The state trial court denied Petitioner's motion, *People v. Martin*, No. 89-

41315-FC (Genesee Cty. Cir. Ct. May 25, 2017), and the Michigan Court of Appeals denied leave to appeal the trial court's decision, *People v. Martin*, No. 338830 (Mich. Ct. App. Nov. 8, 2017). On July 27, 2018, the Michigan Supreme Court likewise denied leave to appeal. *People v. Martin*, 915 N.W.2d 361 (Mich. 2018).

On August 10, 2018, Petitioner signed and dated his current habeas corpus petition, and on August 14, 2018, the Clerk of Court filed the petition. Petitioner alleges as grounds for relief that he is entitled to an evidentiary hearing, that his trial and appellate attorneys were ineffective, and that his sentence constitutes cruel and unusual punishment.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 "generally gives habeas petitioners one shot to pursue their claims in federal court." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). Among other things, the Act "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017), *cert. denied sub nom. Tibbetts v. Jenkins*, 138 S. Ct. 661 (2018). In the words of the statute,

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

3

Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2188 (2017).

Although "not all second-in-time petitions are 'second or successive,'" *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017),

> this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (noting that "in [such] situations, the habeas petitioner does not receive an adjudication of his claim"). The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000).

*Id.* (alteration in original).

Petitioner could have raised his pending claims in his previous habeas petition because the claims were ripe then. The court denied the first petition because Petitioner failed to comply with the statute of limitations. The dismissal of a habeas petition under the statute of limitations is a disposition on the merits and renders a subsequent petition second or successive under § 2244(b). *McNabb v. Yates*, 576 F.3d 1028, 1029–30 (9th Cir. 2009). Therefore, Petitioner's current petition is "second or successive" to his 2015 petition, and he should have sought preauthorization from the Court of Appeals before he filed his petition.

4

When, as here, a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, because Petitioner has not acquired permission from the Court of Appeals to file a second or successive petition, the Court orders the Clerk of Court to transfer Petitioner's case to the Sixth Circuit Court of Appeals for a determination of whether this Court may adjudicate the merits of Petitioner's claims.

**SO ORDERED.**

Dated: October 29, 2018        s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

---

[1]   Section 1631 states:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

5

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 29, 2018.

s/A. Chubb
Case Manager